### PEOPLE ex rel. BROWER v. WILLIAMS.

(Supreme Court, Special Term, Kings County. May 7, 1915.)

MANDAMUS ☞76—OFFICERS—SUSPENSION.

    The supervisory powers of the court will be exercised to prevent wrong or injustice arising in the suspension or dismissal of persons employed in the municipal civil service; but before judicial interference between the heads of departments and their subordinates a prima facie case of injustice or illegality must be presented, and where the head of a department, from honest motives of economy or better administration, suspends a subordinate, the court will not interfere.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 158–160; Dec. Dig. ☞76.]

Mandamus by the People of the State of New York, on relation of Girdell V. Brower, against William Williams, as Commissioner of the Department of Water Supply, Gas, and Electricity in the City of New York. Motion for alternative writ denied.

Davison & Underhill, of Brooklyn, for relator.

Frank L. Polk, Corp. Counsel, and Elliot S. Benedict, Asst. Corp. Counsel, both of New York City, for defendant.

BENEDICT, J. This application does not, in my opinion, disclose a just cause for submitting the question of the legality and propriety of the suspension of the relator from his position in the department of water supply, gas, and electricity to a jury. The court should not interfere with the internal administration of the city departments, except in flagrant cases of oppression, injustice, or illegality; otherwise, the court would constantly be importuned to interfere between the heads of these departments and their subordinates, and this would necessarily break down the discipline and work, to the detriment of

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the city's interest.   When persons enter the public service, they do not become immune from proper regulation and control in the discharge of their duties, and if, from honest motives, those in charge of a department suspend their subordinates because of motives of economy or for the better administration of the department, the court should not interfere.   Its supervisory powers ought to be and will be exercised to prevent wrong or injustice arising in the suspension or dismissal of persons employed in the municipal civil service; but, before judicial interference, a prima facie case must be presented. This has not been done in the present instance.

Motion for alternative writ is denied, but without costs.